CANNON *vs.* THE STATE OF GEORGIA.

[Jackson, C. J., not presiding, on account of providential cause.]

An indictment was found at the October term, 1883, of Sumter superior court, and was transferred to the county court. The defendant objected to being tried by the county judge, because the latter was interested in the costs due the clerk of the superior court, on account of the finding of said indictment, he having been an assistant of such clerk, and, under an arrangement between them, being entitled to one-half the costs due the clerk thereon. An agreement was then produced, to the effect that, in all indictments found at said term of court and transferred to the county court, the county judge should have no interest in any manner, shape or form, but the costs thereon should belong to the clerk alone. This was dated February 5, 1884:

*Held,* that although the county judge may not have had such an interest as would disqualify him, and may have been free from any corrupt conduct, yet the general countenance of the case is bad, and a new trial might be granted by this court, if the testimony was not clear and satisfactory that the accused was guilty. Judgment affirmed.

October 2, 1884.

BLANDFORD, Justice.

[Cannon was indicted for using obscene and vulgar language in the presence of a female. The indictment was transferred to the county court of Sumter county. Defendant filed a special plea, alleging the disqualification of the county judge, as set out in the head-note. The judge heard evidence, and overruled the plea. Defendant was found guilty. He petitioned for a *certiorari,* alleging error on this and other rulings. On the hearing, the judge overruled the *certiorari,* and sustained the judgment of the county court. Defendant excepted.]